11779

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
T.K.B. SHIPPING A/S,

                        Plaintiff,

        - against -                        **Case No.   08 CIV 8157 (Judge Lynch)**

AZELIE CORPORATION,

                        Defendant.
-----------------------------------------------------x

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONFIRM AND CONVERT ARBITRAL AWARDS TO JUDGMENT

JUNGE & MELE, LLP
*Attorneys for Plaintiff*
*T.K.B. SHIPPING A/S*
29 Broadway
New York, NY 10006
(212) 269-0061

*Of Counsel,*
Peter A. Junge
Armand P. Mele

**INTRODUCTION**

Plaintiff T.K.B. SHIPPING A/S ("T.K.B.") submits this Memorandum of Law in support of its motion for an Order pursuant to The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("New York Convention"), as codified at 9 U.S.C. §§ 201, *et seq.*, and/or the Arbitration Act, 9 U.S.C. § 1, *et seq.*, confirming arbitral awards entered in London, England, in favor of Plaintiff and against Defendant AZELIE CORPORATION ("AZELIE"), and directing the entry of Judgment thereon, and permitting Plaintiff to use the funds attached pursuant to this Court's *Ex Parte* Order for Maritime Attachment and Garnishment dated September 22, 2008 to satisfy said Judgment, and further pursuant to this Court's equitable powers, granting Plaintiff its legal fees as against Defendant for this confirmation proceeding.

**STATEMENT OF FACTS**

On September 22, 2008, Plaintiff T.K.B., pursuant to, *inter alia*, Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, Fed. R. Civ. P., commenced this action and applied for and obtained an *ex parte* Order from this Court directing that Process of Maritime Attachment and Garnishment ("PMAG") issue against Defendant.

The primary purpose of this action was to obtain security for claims of Plaintiff against Defendant in aid of London arbitration, and for said security to serve as payment of such claims as may be embodied in any London arbitration award. *See Verified Complaint at 4*. As a result of the PMAG, on September 26, 2008, $122,875.03 in funds of the Defendant were restrained by HSBC Bank USA, N.A. ("HSBC"), one of the garnishee banks upon which the PMAG had been served.

On September 29, 2008, Plaintiff served Defendant by international air mail at its registered office in Tortola with a Notice of Attachment Pursuant to Local Admiralty Rule B.2, which stated that $122,875.03 were restrained by HSBC. Defendant did not respond to that Notice, nor did it appear or respond to the demands of Plaintiff's English solicitors to arbitrate the underlying claims in London. The said Notice of Attachment pursuant to L. Adm. R. B.2, with proof of service is attached to the Declaration of Peter A. Junge, submitted in support of this motion, as Exhibit D.

The facts underlying this motion are straightforward and are not in dispute. Plaintiff chartered the vessel *EXPLORIUS* (the"Vessel") to Defendant on or about December 29, 2007, under a time charter party with Defendant on an amended New York Produce Exchange ("NYPE") 1946 form with additional clauses (the "Charter Party"). *See Declaration of Philip Stembridge, dated September 1, 2009 at ¶2, and Exhibit A therein ("Stembridge Decl.").*

The Charter Party contained an arbitration provision, which required the parties to submit all disputes to arbitration in London, subject to English law. *(Stembridge Decl., at ¶3).* Pursuant to this arbitration provision, T.K.B. commenced arbitration in London regarding AZELIE's refusal to pay, as required by the Charter Party in clauses 58 and 67, an additional war risk premium for the purposes of war risk insurance for redelivering the Vessel at Calabar, Nigeria, which was within a war risk area. *(Stembridge Decl., at ¶4).*

The dispute was submitted to arbitration in London before Mr. Brian Williamson, who acted as sole arbitrator. AZELIE was afforded every opportunity to enter into the arbitral

process but did not do so. *(Stembridge Decl., at ¶5).* After written submissions were delivered to the tribunal by T.K.B., and after AZELIE defaulted to doing so, on June 1, 2009 the tribunal issued a Final Arbitration Award in favor of T.K.B. and against AZELIE in the amount of US$82,875.03, together with interest thereon at the rate of 4% per annum and pro rata compounded with three monthly rests from the March 4, 2008 until the date of payment thereof. *(Stembridge Decl., at ¶6, and Exhibit B therein).*

Additionally, on July 14, 2009, the tribunal issued a Final Arbitration Award as to Costs in favor of T.K.B. and against AZELIE in the amount of GB£2,080.40 , together with interest thereon calculated at the rate of 3.5% per annum and pro rata compounded with three monthly rests from the date of the Award for Costs until the date of payment thereof. The Award as to Costs also included an award for the costs of the tribunal in rendering that award in the sum of GB£875.00 together with the costs of the Award dated June 1, 2009 which was determined in the sum of GB£2,790.00, provided that if, in the first instance, T.K.B. shall have paid any amount in respect of that amount, together with interest on the sum calculated at the rate of 3.5% pro rate compounded with three monthly rests from the date of payment until the date of reimbursement. In that regard, on June 3, 2009, T.K.B. paid GB£2,790.00 (the entire amount due) towards the tribunal's costs on the Award dated June 1, 2009, and on July 14, 2009, T.K.B. paid GB£875.00 (the entire amount due) toward's the tribunal's costs on the Award dated July 14, 2009, and accordingly is entitled to interest thereon. *(Stembridge Decl. ¶7 and Exhibit C therein).*

No appeal of the Final Awards has been taken by AZELIE and no appeal is possible

any longer, as the time for such appeal has now run. Thus, the Final Awards are unchallengeable and conclusive between the parties and capable of enforcement. *(Stembridge Decl. ¶9).*

T.K.B. has demanded payment of AZELIE for the amounts due under the two Final Awards, but AZELIE has refused or otherwise failed to make payment against the Awards. *(Stembridge Decl., at ¶8).*

Pursuant to the two Final Awards in favor of Plaintiff and against Defendant the total amount due is $92,184.13, in damages, arbitration costs and arbitrator fees plus interest until paid, and counsel fees in the amount of $ 4,680.00, calculated as follows:

A. $82,875.03 in damages;

B. Interest on the principal award at the rate of 4% per annum pro rata compounded with three monthly rests from March 4, 2008, until payment thereof;

C. $3,370.81 in Plaintiff's arbitration costs which equates with GB£2,080.40 awarded after using the currency rate of exchange on July 14, 2009, the date of the Final Award as to Costs;[1]

D. Interest on Plaintiff's arbitration costs calculated at the rate of 3.5% per annum pro rata compounded with three monthly rests from July 14, 2009, the date of the Award for Costs, until the date of payment thereof;

E. $4,520.55 for the Arbitrator's fees for rendering the June 1, 2009 Final Arbitration Award, which equates with GB£2,790.00, awarded after using the currency rate

---

[1] Attached in the Appendix herein is the July 14, 2009 Currency Rate of Exchange from the Internet (1GB£=1.62027 US$).

4

of exchange on July 14, 2009, the date of the Final Award as to Costs;

F.  Interest on the above Award in ¶E, *supra*, at the rate of 3.5% pro rata compounded with three monthly rests from the date of payment by Plaintiff to the Arbitrator on June 3, 2009;

G.  $1,417.74 for the Arbitrator's fees for rendering the July 14, 2009 Final Arbitration Award as to Costs, which equates with GB£875.00, awarded after using the currency rate of exchange on July 14, 2009, the date of the Final Award as to Costs; and

H.  Interest on the above Award in ¶G, *supra*, at the rate of 3.5% pro rata compounded with three monthly rests from the date of payment by Plaintiff to the Arbitrator on July 15, 2009.

I.  In accordance with the cases cited, *infra*, and the supporting Declaration of Peter A. Junge, dated September 9, 2009, and Exhibit D therein, Plaintiff also respectfully requests that the Court direct the Clerk to include a provision for Plaintiff's legal fees amounting to $ 4,680.00 in preparing this enforcement motion.

## ARGUMENT

### I

### THE ARBITRAL AWARDS SHOULD BE RECOGNIZED AND ENFORCED AS A JUDGMENT OF THIS COURT

The United States and England are signatories to the New York Convention. The enacting legislation is codified at 9 U.S.C. §201, *et seq*. Further, the New York Convention applies to "arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought." 9 U.S.C. §201, Article I, §1.

Since the Awards rendered in this matter were rendered in England, they are not domestic awards of New York, and as such, are subject to recognition and enforcement under the New York Convention.

Further, the New York Convention requires the party seeking recognition and enforcement of a foreign arbitral award to provide either an authenticated or a duly certified copy of such award, and the original agreement to arbitrate or a duly certified copy thereof. 9 U.S.C. §201, Article IV, §1.  Those documents have so been provided in support of this application.  *See Exhibits A, B and C in the Stembridge Decl.*.  As such, the New York Convention requires that this Court to recognize and enforce the subject arbitral Awards.  9 U.S.C. §201, Article III.

Under the terms of the New York Convention, recognition and enforcement of foreign arbitral awards may be only denied if the party against whom recognition and enforcement is sought furnishes proof to one of the few exceptions set forth in Article V of the Convention.  No such exception is applicable in this application.

Further this motion is timely since it has been made within three years after the arbitral award.  9 U.S.C. §207.  Lastly, no appeal has been taken by Defendant of either of the arbitral Awards, and the time for doing so has elapsed under English law.  *Stembridge Decl., at ¶9*.  Said Awards are therefore final, conclusive and enforceable against Defendant.

Based on the above circumstances. Plaintiff respectfully submits that both the Final Arbitration Award of June 1, 2009, and the Final Arbitration Award as to Costs of July 14, 2009, against Defendant and in favor of Plaintiff be recognized and enforced as a Judgment of this Court pursuant to the terms of the New York Convention.

**II**

**PLAINTIFF SHOULD BE AWARDED COUNSEL FEES
ON THIS MOTION AS PART OF THE JUDGMENT**

In the context of a motion to confirm an arbitration award, attorneys' fees may properly be awarded when the party challenging the award has "refuse[d] to abide by the arbitrator's decision without justification." *International Chemical Workers Union, Local No. 227 v. BASF Wyandotte Corp.,* 774 F.2d 43, 47 (2d Cir.1985) (quoting *Bell Production Engineers Association v. Bell Helicopter Textron,* 688 F.2d 997, 999 (5th Cir.1982)). Where a party against whom an award is made refuses to pay the award and does not file a motion to vacate, there is bad faith and attorneys' fees should be awarded. *In the Matter of Arbitration Between Soft Drink and Brewery Workers Union Local 812, IBT, AFL-CIO and Ali-Dana Beverages, Inc.,* No. 95 Civ. 8081, 1996 WL 420209, at *3 (S.D.N.Y. July 25, 1996). *In the Matter of the Arbitration between Bulkcarriers Ltd. and Société Al Alam Int'l*, 1983 A.M.C. 1501, 1502 (S.D.N.Y.) ("[I]t has been held that a court may assess attorney's fees for willful and unjustified refusal to abide by an arbitrator's award."); *United Steelworkers of America v. Interpace Corp.*, 447 F. Supp. 387 (W.D. Pa. 1978); plaintiff must show that defendant's "refusal to comply with the arbitration award was without justification, rather than based on a good faith belief that the award was invalid." *Great Atlantic and Pacific Tea Co.,* 1996 WL 282074, at *3. *See also U.S. Ship Management, Inc. v. Maersk Line, Ltd.,* 2004 WL 2823038, 10 (S.D.N.Y.). Here Defendant cannot demonstrate any "good faith belief that the [A]ward[s] [are] invalid."

Defendant has simply ignored the authority of the London arbitration tribunal which was duly constituted under the governing charter party, and has similarly unjustifiably failed to satisfy the Final Arbitration Awards. It is therefore respectfully submitted that this Court should, in the sound exercise of its equitable powers, further award Plaintiff reasonable counsel fees and costs on this motion for incurring additional expense in seeking recognition and enforcement of the arbitral Awards rendered in London.

Further, the court has the authority to permit Plaintiff to use the funds attached pursuant to the PMAG in this Rule B action to satisfy any judgment which may be rendered and to release any remainder to Defendant. *See Rhonda Enterprises S.A. v. Projector S.A.*, 2009 WL 290537, at *3 (S.D.N.Y. 2009).

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the London arbitral Awards herein be recognized and enforced as a Judgment of the United States, and that Plaintiff be awarded counsel fees and costs on this motion, along with such other, further and different relief as the Court deems just, proper and equitable.

Dated in the City of New York on September 10, 2009

                                              Respectfully submitted,

                                              JUNGE & MELE, LLP
                                              *Attorneys for Plaintiff*

                                              */s/ Peter A. Junge*
                                              _____
                                              Peter A. Junge
                                              29 Broadway
                                              New York, NY 10006
                                              (212) 269-0061